**STATE ex MYERS v HALENCAMP et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2269. Decided March 29, 1933

· William M. Gracey, Columbus, and L. R. Pugh, Columbus, for plaintiff in error.

John L. Davies, City Attorney, Columbus, E. W. McCormick, Columbus, and Charles R. Petree, Columbus, for defendants in error.

KUNKLE, J.

We have read the record in this case with considerable care to ascertain just what transpired. We shall not attempt to quote in detail from the testimony taken either before the Director of Public Service or in the Court of Common Pleas. Counsel are thoroughly familiar with the same.

Counsel have also favored the court with very voluminous briefs in which not only the testimony but various authorities are discussed in detail. We have considered these with care.

Some of the authorities cited, in our opinion, are not pertinent. The relator is not a public officer and therefore does not fall within the reasoning of some of the authorities and provisions of the Constitution cited.

The hearing provided by the charter and the rules of the Department do not con-

template a judicial procedure such as is discussed in the briefs of counsel for the relator.

While the hearing had before the Director of Public Service may in a sense be termed a quasi judicial proceeding, it is neither a court trial nor a judicial proceeding in the sense that such terms are used in various authorities cited.

We are not required, in view of the state of the record, to determine to what extent the hearing contemplated by the charter is like unto a legal procedure. Neither is it incumbent upon us to determine whether or not the right of cross examination by counsel should have been accorded the plaintiff in error.

Plaintiff in error did not avail himself of the rights which were offered him. He refused to make a statement giving his version of the charges and also refused to question the witnesses produced against him. He offered nothing in his own defense when an opportunity was offered him. Had he favored the Director with his version of his conduct, the Director might have accepted such version and acquitted him of the charges.

In view of the state of the record, therefore, we would not be warranted in holding that the refusal of cross examination by counsel constituted prejudicial error.

Assuming, however, for the purpose of this case, that plaintiff in error was entitled to cross examine the witnesses through his attorney, we would not, in our opinion, by reason of such refusal, under the state of the record, be warranted in holding that he was clearly entitled to a writ of mandamus restoring him to his former position with back pay.

This is not a proceeding on appeal, nor is it one in error where the court could reverse the case and remand the same for a rehearing in which a different procedure should be followed. It is a proceeding in mandamus where a writ can only be allowed when it is shown the relator is clearly entitled thereto.

This court has had the subject of mandamus before it upon many occasions and has frequently announced the rule that a writ of mandamus will not issue unless the relator has shown a clear right to it; that where an official or board refuses to perform a duty or exercise a discretion vested in it by law, mandamus may be invoked to require the performance of such duty or the exercise of such discretion. The relator, however, must first establish a clear right to such writ before he is entitled thereto.

We are in harmony with the judgment rendered by Judge Scarlett and in view of his extended discussion of the issues involved, we do not deem it necessary to again restate the same.

The judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.