**STATE ex WALSH v GESSAMAN et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2718. Decided Dec 9, 1936

John L. Davies, City Attorney, Columbus, E. W. McCormick. First Assistant, Columbus, and Charles R. Petree, Third Assistant, Columbus, for the demurrer.

Arthur Wiles, Columbus, and Winfield S. Pealer, Columbus, for relator.

## OPINION

**By THE COURT**

Submitted on demurrer of the defendants consisting of two grounds, the first ground of which is a general demurrer, the second, misjoinder of parties defendant. The demurrer will be sustained upon the authority of **State ex Myers v Hollencamp, 46 Oh Ap 494, (14 Abs 635).**

In our judgment, the petition does not state a cause of action for the issuance of a writ of mandamus. It is urged that the three charges which were preferred against the relator do not conform to the requirements of §149 of the Charter of the City of Columbus which provides that the Commission shall prescribe and enforce rules.

"(m) for discharge or reduction in rank or position, only after the person to be discharged or reduced has been presented with reasons for such discharge, or reduction, specifically stated in writing, and has been given an opportunity to be heard in his own defense. The reasons for such discharge or reduction and any reply in writing thereto by such employe shall be filed with the Commission,"

in that the charges were not specifically stated in writing. It appears that at the time fixed for hearing the relator by counsel requested delay and that the charges be made more specific, both of which requests were denied. At the same time the relator was interrogated specifically as to his admission or denial of any or all of the charges against him and he stood mute.

In sustaining this demurrer, we do not want to be understood as approving in the entirety the form of the charges preferred against the relator and especially 1 and 2. Number 1 is that of

"Political activity in violation of civil service rules, §§156 and 157, in that John Walsh did between the months of September and November, 1935, inclusively, use official authority or influence in order to secure assessments or contributions for campaign purposes and did promise to aid others in securing increase of salary as a reward for political services."

Charge Number 2 is,

"Neglect of duty in that John Walsh did require men under his employ while on city time and paid out of city funds to work on private property."

These charges are specific in that they indicate the type of violation which is asserted against relator but they are most general in that they do not set forth the names of the persons involved or the specific dates, or occasions whereon the acts were committed. It is obvious that the relator would have contact with many individuals from whom he could secure political contributions for campaign purposes and whom he could aid in securing increase in salary as a reward for political services. Being required to come to a hearing without any notice of the individuals whom it is claimed he contacted, placed him at a distinct disadvantage and would have compelled the preparation of a blanket defense to which necessity the relator nor no other individual in like situation should be put.

The second charge is subject to the same criticism.

Charge Number 3 is,

"Insufficiency and incompetency in that John Walsh was unable to do the valve work supervising and on one occasion was compelled to recall a man from his vacation in order to effect a shut off; caused confusion in the meter repairing department in that he was unable to get the best work out of his men and did use abusive and profane language toward the men during his entire administration."

The first part of this charge is indefinite in that it does not state the time nor the place to which nor the individual to whom the charge has application. However, the last part of the charge is specific and is all sufficient, if true, to support the finding against the relator justifying his discharge. It is asserted that the misconduct set forth in charge 3 is not insufficiency and incompetency. Technically there may be some support for this position but what is charged is clearly offensive to the civil service rules.

The finding of the Director of Public Service was against the relator on all three of the charges so that if any one meets the requisites of the civil service rules of the charter it would be sufficient to sup-

port the action of the director.

It is also claimed in the petition the relator was denied a hearing over his objection in that those who testified against him were not sworn. If it were necessary in the hearing on the charges that the witnesses be formally sworn, which it is not necessary for us to pass upon, we are satisfied that a general objection without giving the director opportunity to know the specific reason for the objection, would not support the averment of the petition that there was no hearing as is contemplated by the charter.

The most serious infirmity in the petition appears in the failure of the relator when called to answer one way or another to admit or deny the charges against him. It is well recognized that mandamus will not be allowed unless and until a clear right is shown in the relator. This could not be found so long as the relator on opportunity failed to deny charges of misconduct against him no matter how general those charges may have been.

Upon the whole petition then we are satisfied that it does not state a good cause of action to support the relief prayed therein. Demurrer sustained. Because of the action on the first branch of the demurrer it is not necessary to pass upon the second branch thereof.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.